888 F.2d 1387
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Eugene WINKLER, a/k/a Red, Defendant-Appellant.
 No. 89-5090.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1989.
Decided Oct. 11, 1989.
 
 R.R. Fredeking, II, on brief for appellant.
 Michael W. Carey, United States Attorney, S. Benjamin Bryant, Assistant United States Attorney, on brief for appellee.
 Before HARRISON L. WINTER, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Eugene Winkler appeals from the judgment of the district court sentencing him to 63 months in prison after his guilty plea to a narcotics offense--contending that the district court erred in applying the sentencing guidelines.[1] On appeal, Winkler contends that the district court improperly determined a guideline base offense level on a finding that Winkler had been involved in distributing thirty ounces of cocaine. Winkler had objected to that portion of the presentence report indicating his involvement with thirty ounces of cocaine and the district court ordered a hearing on the issue.
 
 
 2
 A special agent of the Federal Bureau of Investigation testified in some detail concerning his information that Winkler was directly or indirectly involved with distributing thirty-one ounces of cocaine. Winkler's only evidence was his unelaborated statement that he was involved with only eleven ounces of cocaine. At the conclusion of the evidentiary hearing on the sentencing issue, the district court found from a preponderance of the evidence that Winkler was involved with thirty-one ounces of cocaine but considered the amount to be thirty ounces for purposes of determining the base offense level. On appeal, the defendant simply argues that the district court's determination was wrong. Unfortunately for Winkler, when he had the opportunity, he presented no evidence to sustain his position. Since the district court properly resolved the factual issues underlying the application of the guidelines, see United States v. Urreqo-Linares, 879 F.2d 1234, 1238 (4th Cir.1989), Winkler's bald assertions both at trial and on appeal can be of no avail. Nor is there any merit to his other general legal objections which are primarily based on decisions decided before enactment of the Sentencing Reform Act.
 
 
 3
 The judgment of the district court is, therefore, affirmed. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 The Sentencing Reform Act of 1984, 18 U.S.C. Secs. 3551 et seq